United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>JEANNE STOUT, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2477-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Markel American Insurance Company moves the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for entry of a default judgment against Defendant Robert Gingras, Jr. ("Gingras"). Plaintiff asks the court to declare that Plaintiff has no duty to afford a defense or indemnity to Defendants Jeanne or Jeff Stout ("the Stouts") under motorcycle insurance policy number MOR00000080036 ("the Policy") with respect to the lawsuit that Gingras filed against them in the Superior Court of the State of California, Sonoma County, *Gingras v. Polaris Indus., Inc.*, No. SCU 248756 (Cal. Super. Ct. filed Dec. 7, 2010). Because the court has not obtained consent from all of the parties pursuant to 28 U.S.C. § 636, it ORDERS the case reassigned to a District Judge. For the reasons given below, the undersigned recommends that the Court grant Plaintiff's motion.

**I. Background & Procedural History**

Plaintiff issued the Policy to the Stouts for their all terrain vehicle ("ATV"), covering the period of January 26, 2010 to January 26, 2011. (Freedman Decl. ¶ 8, Mar. 5, 2012; *see* Freedman Decl. Ex. A (the Policy).) Section III of the Policy delineates the scope of coverage:

> [Plaintiff] agree[s] to pay damages for Bodily Injury . . . for which the law holds [the Stouts] responsible because of a Motorcycle[1] Accident involving an Insured Motorcycle. [Plaintiff] will settle or defend, as [it] consider[s] appropriate, any claim or suit asking for these damages. . . .
> . . . .
> An Insured Person, as used in this section . . . means: . . . B. Anyone using, with [the Stouts'] permission or within the scope of [the Stouts'] permission, any Insured Motorcycle. They will have the same rights and obligations that [the Stouts] have under this insurance. C. Any person or organization legally responsible for the use of any Insured Motorcycle as long as such use is with [the Stouts'] permission. They will have the same rights and obligations that [the Stouts] have under this insurance.

(Freedman Decl. Ex. A at 8-9.) Exclusion A excludes from coverage "any Bodily Injury . . . sustained by any Insured Person." (Freedman Decl. Ex. A at 10.)

According to Plaintiff, on February 28, 2010, Gingras, a relative and/or friend of the Stouts, had an accident while driving the Stouts' ATV with their knowledge and permission. (Freedman Decl. ¶ 15; *see* Freedman Decl. ¶ 17.) He suffered injury to his arm and brought a negligence suit against the Stouts for compensation, *Gingras*, No. SCU 248756. (Freedman Decl. ¶ 16.) Among other arguments, Plaintiff asserts that the policy excludes such coverage because Gingras was injured while driving the vehicle with the Stouts' permission:

> Exclusion A of the Liability Coverage Section of the Policy specifically provides that the Liability Coverage does not apply for any "Bodily Injury" sustained by any "Insured Person." Because GINGRAS drove the ATV with the permission of [the Stouts, he] qualifies as an "Insured Person" under the Policy.
> GINGRAS is claiming in the *Gingras* Lawsuit that he suffered "Bodily Injury," as that term is defined in the Policy, as a result of the accident. Because GINGRAS, an "Insured Person," filed the *Gingras* Lawsuit claiming "Bodily Injury" he sustained while using the ATV, Exclusion A. [sic] applies to exclude coverage for the *Gingras* Lawsuit in its entirety.

(Freedman Decl. ¶¶ 18-19.) Consequently, Plaintiff believes that it "does not owe a duty to defend or indemnify the STOUTS to the *Gingras* Lawsuit under the Policy." (Freedman Decl. ¶ 22.)

Plaintiff filed suit for declaratory relief to that effect on May 20, 2011. [Docket No. 1.] On October 13, 2011, Plaintiff filed a Request for Waiver of Service signed by Gingras's counsel on July 5, 2011. [Docket No. 14.] Gingras has not appeared or otherwise participated in this action. Plaintiff moved for an entry of default against Gingras on December 8, 2011 [Docket No. 24], which the Clerk of the Court granted six days later [Docket No. 27]. Plaintiff filed this motion for default

---

[1] The Policy's Recreational Vehicle Endorsement deletes the definition of motorcycle and replaces it with that for an ATV. (Freedman Decl. Ex. A at 4.)

2

judgment on March 5, 2011. [Docket No. 35.] The court held a hearing on April 26, 2012. Gingras did not appear.

## II. Default Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."); *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 999.

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### B. Analysis

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. It exercises personal jurisdiction over Gingras because he is a resident of Rohnert Park, County of

Sonoma, California. (Compl. ¶ 7.) Gingras properly waived service on July 5, 2011 [Docket No. 14]. *See* Fed. R. Civ. P. 4(d)(1).

Turning to the first *Eitel* factor, Plaintiff may suffer prejudice if the court does not enter a default judgment against Gingras because Plaintiff will continue to suffer uncertainty that it may have a duty to defend or indemnify the Stouts in Gingras's litigation against them. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiff also fulfills the second and third *Eitel* factors: The complaint lays out a proper argument for obtaining declaratory relief against Gingras. Specifically, Plaintiff seeks a declaration that "Exclusion A. [sic] excludes coverage for the *Gingras* Lawsuit in its entirety," so that Plaintiff is not liable for "damages alleged against the Stouts" and has no duty to defend or indemnify the Stouts in the suit. (Compl. ¶¶ 28-29.) In light of the alleged facts and the pertinent law, Plaintiff has submitted a legally sufficient complaint which will prevail on the merits. *See Farmers Ins. Exch. v. Stratton*, 145 Cal. App. 3d 612 (1983); *State Farm Mut. Auto. Ins. Co. v. Ammar*, 126 Cal. App. 3d 837 (1982).

The fourth factor examines the amount of money at stake. This poses no difficulty for Plaintiff, as it seeks solely declaratory relief rather than monetary damages. *See Round Hill Cellars v. Lolonis Winery*, No. 11-757-JSW (EDL), 2011 WL 6961333, at *5 (N.D. Cal. Dec. 9, 2011), *adopted by*, No. 11-757-JSW, 2012 WL 33247 (Jan 06, 2012). With respect to the fifth prong, Gingras has not appeared in this action, let alone contested any of Plaintiff's material facts. Finally, nothing in the record suggests that Gingras defaulted due to excusable neglect. Plaintiff repeatedly has served him submissions relating to the case throughout the pendency of this action [*see* Docket Nos. 14, 20, 23, 29-30], and Gingras has failed to participate in the litigation. *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1005. Examining these facts in the aggregate, the court finds that the *Eitel* factors outweigh the Federal Rules of Civil Procedure's strong preference for a decision on the merits. The undersigned therefore recommends that the Court grant Plaintiff default judgment against Gingras.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the Court declare that Plaintiff has no duty to afford a defense or indemnity to Defendants Jeanne Stout or Jeff Stout under the

1  Policy, number MOR00000080036, with respect to the lawsuit Gingras filed in the Superior Court of
2  the State of California, Sonoma County, *Gingras*, No. SCU 248756.
3      Any party may file objections to this report and recommendation with the District Judge
4  within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D.
5  Civ. L.R. 72-2. Failure to file timely objections "may waive the right to appeal the District Court's
6  order." *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at
7  *3 (N.D. Cal. Apr. 20, 2011).
8      IT IS SO ORDERED.

10 Dated: April 26, 2012



DONNA M. RYU
United States Magistrate Judge